## A. HARRIS & CO. v. GRINNELL WILLIS & CO. (No. 7610.)

(Court of Civil Appeals of Texas. Dallas. June 24, 1916.)

1. ACCOUNT, ACTION ON ⬥⧳12 — PLEADING AND PROOF—"MERCHANDISE."

Under the statute relating to suits on sworn accounts, a sworn account, not itemized as required by statute, stating defendant's indebtedness to plaintiff for "merchandise" bought on certain dates, in the absence of a sworn answer, did not prove itself, as the term "merchandise" includes every article of traffic which is properly embraced in a commercial regulation, so that it did not notify the defendant what it was called upon to deny under oath if any of the articles were not right.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 37; Dec. Dig. ⬥⧳12.

For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

2. ACCOUNT, ACTION ON ⬥⧳14—DEFENSE—BURDEN OF PROOF.

The burden was on the plaintiff to make out its case by legitimate evidence, and, until it has done so the Court of Civil Appeals cannot take notice of the defendant's defense, if it has any.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 41, 42; Dec. Dig. ⬥⧳14.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by Grinnell Willis & Co. against A. Harris & Co. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded.

Cockrell, Gray & McBride and H. P. Edwards, all of Dallas, for appellant. Bennett Hill, of Dallas, for appellee.

RAINEY, C. J. Appellee sued appellant on a sworn account for merchandise amounting to $1,357.92. Appellant answered by general demurrer and general denial. A trial resulted in a judgment for the plaintiff, and the defendant appeals.

When the case was regularly called for trial defendant called for a jury, which was denied. The plaintiff then called attention to the answer of defendant, which was not sworn to, and urged the court not to consider it as an answer. The court did not consider the answer, and rendered judgment for plaintiff on the introduction only of the sworn account which was made an exhibit to plaintiff's petition, and is as follows:

A. Harris & Co., Dallas, Texas, to Grinnell Willis & Co., 44 & 46 Leonard Street.

Payable in New York City funds

| Dec. 10 | To Mdse | 2/10 | | 2/10 | 271 44 |
|---|---|---|---|---|---|
| 10 | | " | | 10 | 606 52 |
| 10 | | " | | 10 | 101 66 |
| 17 | | " | | 17 | 142 74 |
| 20 | | " | | 20 | 105 48 |
| 22 | | " | | 22 | 130 08 |
| | | | | | 1,357 92 |

To the introduction of this account, without any other testimony, and the rendition of judgment thereon, the defendant duly excepted, and assigns said action of the court as error. We think this assignment well taken.

[1] The sworn account sued on and received as evidence is not such an account as contemplated by our statute as proving itself, although no denial to it under oath is presented. It is not itemized, but only designates the purchases as merchandise bought on certain dates. The term "merchandise" is very comprehensive, and includes every article of traffic, "which is properly embraced in a commercial regulation" (Cyc. 27, p. 478), yet as used in the account here sued on, it does not specify the kind of article that was purchased. Hence it did not notify the defendant what it was called upon to deny under oath if any of the articles were not right. Therefore we take it that the account was not itemized as contemplated by our statute, and not such an open account as when sworn to would be admissible to prove itself, although there was no denial under oath to any item. In Glass Co. v. Roquemore, 88 S. W. 449, Mr. Chief Justice James, in passing upon an account similar to the one here, said:

"The court refused to allow plaintiff to introduce in evidence the verified account. In this, we think, the court did not err, the account in itself not indicating the items nor their nature; and hence it could not be told therefrom that it had reference to matters that could be proved by a sworn account under our statute."

---

⬥⧳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In Hickman v. Grocer Co., 62 S. W. 1081, this court held that such an account as here sued on was subject to demurrer because not itemized. We are of the opinion that the account was not admissible as evidence, and plaintiff's case was not properly proven.

We deem it unnecessary to discuss the question of not being allowed a jury, presented by appellant, as this matter is not liable to arise on another trial.

[2] Appellee insists that appellant has no defense to the action, and therefore the cause should be affirmed. The burden was on appellee to make out its case by legitimate evidence, and, until this is done, we cannot take notice of the attitude of appellant as to its defense, if any it has.

The judgment is reversed, and the cause remanded.