## LOVE v. SOUTHERN MOTORS MFG. CO., Limited. (No. 8443.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 7, 1924. Rehearing Denied March 27, 1924.)

Damages ⬸159(6)—Allegations of fraud held not to entitle auto driver in automobile endurance contest to recovery under original terms of contest, where he consented to, and did, participate under amended plan.

Plaintiff, alleging that he accepted defendants' original proposal for entering automobile race in endurance test of defendants' cars under which winner was to receive $4,000, and then entered contest under changed plan to which he agreed and under which he as winner received the agreed amount, $500, *held* not entitled to recover balance of $3,500 as due under original plan, on allegations he was induced to agree to the changed plan by false representations of defendants that they did not have sufficient available funds to conduct the test under the original plan; his only cause of action being for breach of contract to carry out race under original plan, and the $4,000 prize being too speculative to be recoverable as damages for such breach.

Error from District Court, Harris County; W. E. Monteith, Judge.

Action by F. C. Love against the Southern Motors Manufacturing Company, Ltd. Judgment of dismissal, and plaintiff brings error. Affirmed.

James L. Bailey, of Houston, for plaintiff in error.

PLEASANTS, C. J. Plaintiff brought this suit against the appellee company or association and its named officers or trustees to recover the sum of $3,500 alleged to be due him as a reward or prize earned by him under an offer made by the appellee and accepted by plaintiff.

The cause of action is thus stated in plaintiff's original petition:

"Defendants inaugurated a contest designated as the Southern Motor Endurance Run, for the purpose of demonstrating to the public the qualities, strength, and endurance of a certain automobile known as the 'Ranger,' which the defendants were at that time exploiting and offering for sale. That said defendants offered to the plaintiff and others to permit them to engage as drivers or auto mechanics in operating the said Ranger automobile upon a tour of approximately thirty-six hundred (3,600) miles, or that is to say from Houston, Tex., to Atlanta, Ga., and other points, returning to Houston, and offered to this plaintiff and others to pay ten thousand dollars ($10,000) in prizes to the persons engaging in said contract and endurance run as, drivers of said automobile upon the following basis, to wit: That the driver making the best time on said endurance run as a driver of one of said Ranger automobiles was to receive a prize of four thousand dollars ($4,000). That the plaintiff, relying upon the said offer of said defendants to pay said prize, accepted said offer, and at the instance and request of said defendants who desired as aforesaid to advertise the said Ranger automobiles, entered said endurance contest as a driver of one of said Ranger automobiles, departing from the city of Houston about the 13th day of October, 1920, traveling through the states of Texas, Louisiana, Mississippi, Alabama, Georgia, Tennessee, Arkansas, and Oklahoma, and returning to Houston, Tex., about the 8th day of November, A. D. 1920. That the car driven by plaintiff was designated as car No. 3, and that another car designated as car No. 1 was driven by another party. That plaintiff distanced the other competitor in said race and arrived upon the return trip several days ahead of said competitor, wherefore he was entitled by reason of the promises to receive and to be paid by the defendants the said sum of four thousand dollars ($4,000). That the defendant announced through the daily press that the plaintiff had been awarded this four thousand dollars ($4,000) prize. * * * That though often requested the defendants have failed and refused to pay the said amount to the plaintiff, save and except the sum of five hundred dollars ($500), leaving a balance due of thirty-five hundred dollars ($3,500), for which the plaintiff sues."

The defendants answered this petition by a general demurrer, special exceptions, and general denial, and specially pleaded as follows:

"For further and special answer herein, these defendants allege: That while it is true the Southern Motors Manufacturing Association, Ltd., contemplated disbursing in prizes the sum of $10,000 to the participants in the endurance race mentioned in the plaintiff's petition, yet it was ascertained by the Southern Motors Manufacturing Association, Ltd., shortly before the time designated for the beginning of said race, that it did not have available as much as $10,000 to be disbursed in connection with said endurance race, and thereupon plaintiff, F. C. Love, and the others who contemplated entering said contest were called together a day or two previous to the beginning of said race, and were advised that it did not have available for the purposes of said race the sum of $10,000, as contemplated, and that, unless the persons contemplating entering said race, including F. C. Love, the plaintiff herein, were willing to accept the sum of $500 each, besides all expenses incident to the trip, the race would have to be declared off. That upon this fact being made known to the plaintiff herein, and the others who were contemplating participating in said race, and who actually did participate therein, the said F. C. Love, and the others participating in said conference, and who actually did participate in said endurance race, then and there agreed to enter said race and complete the same for the sum of $500 each and all expenses incident to the said trip. That in said conference and under said agreement so made, as alleged, no distinction was made between the winner of the race and the other participants therein, but each was to receive and did receive the sum of $500 and all

expenses incident to said trip. That F. C. Love, after agreeing to the proposition herein set out, entered the said race, did complete the said race, and all of his expenses were paid by the defendant, Southern Motors Manufacturing Association, Ltd., and upon the completion of the said trip by him he was paid the sum of $500, which the defendant, Southern Motors Manufacturing Association, Ltd., agreed to pay him, it being the only amount it agreed to pay him, and took his receipt therefor, which said receipt therefor was duly signed by him, and in which it is stated that it was paid to him in final payment, and in addition thereto, the said receipt provides that it is in full of all claims of whatsoever nature arising on his part out of said endurance race, and his participation therein, which said receipt and release are hereby pleaded."

In reply to this answer, plaintiff filed a supplemental petition which, after alleging that he did not agree to the modification of the original terms of the contest and that the original contract as pleaded by plaintiff in his original petition was the contract under which he entered into the contest and which both parties had in mind when the contest was won, and which said contract was confirmed and ratified by the defendants publishing in the daily newspapers and in many periodicals and magazines that defendants had paid plaintiff, as the winner of the race, the sum of $4,000, contains the following allegations:

"Plaintiff further pleads in the alternative, if mistaken in the allegations hereinabove: That the sum of five hundred dollars ($500) was paid by defendants to plaintiff, and plaintiff was induced to give defendants a receipt therefor, signed by plaintiff. That if said receipt provides, as alleged, that it was in full settlement of all claims of whatever nature arising out of said endurance race, plaintiff alleges that the same was given in consideration of the payment of five hundred dollars ($500), and that said attempted receipt in release was without consideration for the full amount due plaintiff. That said attempted receipt and release, which purported to be a receipt and release in full settlement of plaintiff's claim against defendants, and the modification of said contract as alleged by defendants, was fraudulently induced and obtained in this, that at the time of the said conference mentioned in defendants' first amended original answer that the said defendants, through their agents, servants, and representatives, at said conference falsely represented to plaintiff that it, Southern Motors Manufacturing Company, Ltd., did not have available for the purposes of said race the sum of ten thousand dollars ($10,000) as contemplated. That said representation was false in this, that the said Southern Motors Manufacturing Company, Ltd., did as a matter of fact have on hand available the sum of ten thousand dollars ($10,000) for the purposes of said race. That plaintiff relied on said representations. That the said defendants, well knowing that plaintiff was a skilled mechanic and a skilled driver of automobiles, and well knowing that plaintiff had gone to some expense and used

as much as two (2) weeks of his time in preparation for said race, called plaintiff and others who had agreed to enter said contest together about 11 o'clock at night next preceding the day when said race was to begin, and falsely represented to plaintiff and such others that the sum of ten thousand dollars ($10,000) was not available, when as a matter of fact, and which fact the said defendants well knew, such sum was available for the purposes of said race. That said representations were made by defendants, their servants and agents, with intent to deceive plaintiff. That, induced by said representations, plaintiff was willing to accept the sum of five hundred dollars ($500) and expenses incident to the race because of the said representations and of the premises. That plaintiff did not then know, having no opportunity for investigation, in that the proposition was made at such a late hour as aforesaid, that the sum of ten thousand dollars ($10,000) was available for the purposes of said race. That plaintiff was thereby deceived by said representation. That the said defendants did represent that the said race would be called off unless plaintiff and the others each accepted the sum of five hundred dollars ($500) and that other drivers could be gotten for such sum. That plaintiff, on the following day after said conference, entered said race and won the same and thereafter on, to wit, the 2d day of December, 1921, signed the said receipt. That at the time he signed a receipt for five hundred dollars ($500) plaintiff did not then know that the defendants Southern Motors Manufacturing Company, Ltd., and the other defendants had available the sum of ten thousand dollars ($10,-000) for the purposes of said race, that plaintiff did not then know of the falsity of the representations made by defendants, their agents and servants, at said conference; that thereafter, to wit, on or about the 15th day of February, 1921, plaintiff discovered the fraud of defendants perpetrated on him, discovered the fact that said defendant did have available the sum of ten thousand dollars ($10,000) at the time of said conference and at the time plaintiff entered into said endurance race. * * *

"Plaintiff further pleads in the alternative, if mistaken in the allegations hereinabove: That at the time of said conference mentioned in defendants' first amended original answer, which was on the night preceding the day when said race began, defendants did attempt to modify said original contract by offering each one of the contestants the sum of five hundred dollars and all expenses. That said offer was made by defendants' representative, and at the same time the said representative threatened to obtain other drivers and to call off said race in the event plaintiff and the other contestants refused to accept it. That said defendants purposely made the said offer late at night preceding the day of said race for the purpose of taking an unfair advantage of plaintiff and thereby forcing and coercing him into accepting said offer. That defendants well knew that plaintiff was a skilled automobile driver and mechanic and had worked for two weeks preparing for said race, which preparations consisted of studying the route, altering and preparing the car he was to drive, assembling of tools, inspection of tires and parts, and attending to various details before the com-

mencement of said race. That plaintiff at that time was an employee of said Southern Motors Manufacturing Association, Ltd., who made his living by working for said association. That said race and contest had been widely advertised in periodicals and newspapers and owing to the large sum of money that might be won by the winner of said race the public generally were interested in the same. That by this advertising and arousing the public interest, as well as by the prize money offered, the interest of plaintiff and the other contestants was in high key on the night preceding the day of said race. That said defendants, well knowing this situation, made this offer to each of said contestants in the manner aforesaid, which plaintiff alleges to be taking an unfair advantage under the circumstances as alleged in defendants' said answer, was without consideration. "Wherefore, plaintiff alleges that by reason of the premises he is entitled to recover under the old contract set forth in his original petition, and he prays for judgment as originally."

After the filing of this supplemental petition the trial judge sustained a general demurrer to plaintiff's cause of action as alleged in his original and supplemental petitions, and, plaintiff declining to amend, his suit was dismissed.

We do not think the trial court erred in sustaining the general demurrer. If it be conceded that the original petition alleged a cause of action under the original proposal made by the defendants and accepted by plaintiff for making an endurance test of defendants' automobiles, the allegations of the supplemental petition show conclusively that the original terms and conditions under which the test was to be made were changed before the test began, and that plaintiff accepted and acted on this change and received and receipted for the compensation agreed to be paid him by the defendants under the changed plan under which the test was made. While the plea is made in the alternative the facts therein alleged as to the changed conditions and terms under which plaintiff performed his part of the agreement and received the agreed compensation therefor are positive and unqualified, and he seeks to recover under the original contract by alleging that he was induced to take part in the race under the changed plan by the false representations of defendants that they did not have sufficient available funds to conduct the test under their original proposal and plan, and that unless the drivers would make the test under the changed plan the race would be called off. We cannot see how this alleged fraudulent misrepresentation of the defendants could reinstate the original plan and entitle plaintiff to recover thereunder.

It seems to us that he is no more entitled to recover under the original offer of defendants to pay $4,000 to the winner of the race than he would be if the defendants, after plaintiff and the other drivers had agreed to

enter the race, had determined for any reason not to have the test made. If this had occurred, the prize of $4,000 which plaintiff might have won was too remote, speculative, and contingent to entitle plaintiff to its recovery.

The speculative character of such recovery is not changed by the fact that in a test held under different terms and conditions by which no prize was offered the winner, the car driven by plaintiff made the best time.

The elimination of the $4,000 prize to the winner by greatly lessening the incentive to drivers to engage in the contest in all reasonable probability reduced the number of contestants, and it certainly cannot be held that plaintiff's winning the race under the changed plan entitled him to the $4,000 prize offered under the original plan, and the only cause of action, if any, plaintiff could have would be for breach of contract on the part of defendants in failing to carry out the test race, and, as before said, we think the winning of the $4,000 prize under the terms of the original proposals for the test is too uncertain and speculative to entitle plaintiff to its recovery as damages for the failure of defendants to comply with their original agreement.

We are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.