### HOUSTON v. HOLMES. (No. 1117.)

(Court of Civil Appeals of Texas. Beaumont. June 4, 1924. Rehearing Denied June 11, 1924.)

1. Trial ⬅︎139(1)—When directed verdict for defendant proper stated.

A directed verdict for defendant is authorized when the state of the evidence, when concluded, is such as to leave no issue of fact for the jury.

2. Trial ⬅︎180—Discharge of jury and rendition of judgment equivalent to directed verdict.

Court's discharge of jury and rendition of judgment for defendant was equivalent, in effect, to a directed verdict.

3. Wills ⬅︎324(3)—Evidence showing mere suspicion of undue influence insufficient to go to jury.

In a will contest, evidence of undue influence, showing mere suspicion or surmise, is insufficient to go to jury.

4. Wills ⬅︎327—Testimony of testatrix's physician and lawyer held to negative undue influence.

In suit to set aside a will for undue influence, uncontradicted testimony of executrix's physician and lawyer who drew the will, both disinterested witnesses, held to justify directed verdict for proponent.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Proceedings by Harry E. Holmes for the probate of a will, to which Clyde Houston, by his next friend, and others, filed objections. From a judgment in favor of the will, objectors appeal. Affirmed.

See, also, 241 S. W. 1039.

S. H. Brashear, Bryan, Dyess & Colgin, Maurice Hirsch & Allen Hannay, all of Houston, for appellants.

Blake Dupree, of Houston, and N. P. Woodward, of Temple, for appellee.

HIGHTOWER, C. J. This appeal comes from one of the district courts of Harris county, in which the trial judge, at the conclusion of all evidence, discharged the jury that had been selected in the case, and thereupon rendered judgment in favor of the defendant, the appellee herein.

The case has been before this court once before, and the opinion of this court upon the former appeal may be found reported in 241 S. W. 1039. While there has been some change in the parties plaintiff, occasioned by the death of Robert J. Houston, there has been no change in the cause of action in any respect, and, as we view the entire record before us, after careful consideration of it, we find no material difference or change in the facts as adduced upon the trial from what they were on the former trial. Our former opinion was rather lengthy, because we deemed it necessary to discuss the evidence at length, since we were of the opinion that the evidence was wholly insufficient to sustain the verdict of the jury on that trial to the effect that the will of Maud Houston was brought about by the exercise of undue influence as claimed by the plaintiffs, and it is the custom of this court, when we reverse a judgment for lack of evidence to support it, to point out at least at reasonable length our reasons for doing so. It would serve no useful purpose to again discuss the evidence adduced upon the trial from which the present appeal comes, because, as we have said, it is practically the same on the only material issue, that of undue influence, and we here now refer to our former opinion

reported as above shown for the facts in full as adduced upon the last trial.

[1, 2] After giving the record before us full consideration, we have reached the conclusion that the trial court was not in error in taking the case from the jury and rendering the judgment for the appellee Holmes. If the state of the evidence when concluded was such as to leave no issue of fact for the determination of the jury, the court was authorized, of course, to peremptorily instruct the verdict in favor of the defendant Holmes, and the court's action in discharging the jury and rendering judgment in favor of the defendant was no more in effect under our practice than to have peremptorily instructed the verdict. Peterson v. City of Houston (Tex. Civ. App.) 224 S. W. 586; Stark v. George (Tex. Civ. App.) 237 S. W. 948.

[3] Appellants contend on this appeal that the evidence adduced upon the trial was sufficient to carry the issue of undue influence to the jury, and was sufficient to warrant a finding by the jury that undue influence was exercised by the appellee Holmes, and that such undue influence brought about the execution of the will of Maud Houston, and that therefore the court was in error in taking such issue from the jury. Not only do appellants so contend, but they further contend that the trial court should have instructed a verdict in their favor. After a careful consideration of the evidence reflected by the record before us, it is our conclusion that at the most there was nothing more than a suspicion or surmise that the appellee Harry E. Holmes ever at any time exercised any undue influence over Maud Houston, or that her will here in contest was the result of any such influence, and, as has been repeatedly held in this state, juries cannot be permitted to decide cases upon mere suspicion, surmises, or speculation. This salutary principle was announced by the Supreme Court of this state in Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. It was there said by the court, speaking through Judge Denman:

"The broad and wise policy of the law, formed in and descending to us through the crucibles of time, does not permit the citizen to be deprived of his property, his liberty or his life upon mere surmise or suspicion, and places upon a trained judiciary the grave responsibility of determining, as a question of law, whether the testimony establishes more."

Joske v. Irvine has been followed and the principle announced reiterated so many times by all of the Courts of Civil Appeals of this state and by the Supreme Court itself in later cases that it would be a waste of time to undertake to collate the numerous decisions on the point, but we cite a few: Thresher Co. v. Moss (Tex. Civ. App.) 213 S. W. 690; Kirby Lumber Co. v. Boyett (Tex. Civ. App.) 221 S. W. 669; I. & G. N. Ry. Co. v. Edmundson

(Tex. Com. App.) 222 S. W. 181; Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966; Joffre v. Mynatt (Tex. Civ. App.) 206 S. W. 951; Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039. In the last three cases cited the trial court peremptorily instructed the verdict, and the contention was made by the losing party that the trial court's action was erroneous in each of those cases, because the witnesses upon whose testimony the peremptory instruction was based were interested parties, and that therefore it could not be said as a matter of law that there was not an issue of fact for the jury's determination. The appellate court in each of the cases held that the peremptory instruction was properly given notwithstanding the fact that it was based upon the testimony of a party at interest, such testimony being positive and uncontradicted by other evidence, circumstantial or otherwise, of sufficient probative force to impeach its truth.

[4] In this case no fair or impartial mind could reasonably conclude that the will of Maud Houston, sought to be set aside by the appellants here, was the result of undue influence practiced upon her by appellee Holmes. The positive and uncontradicted testimony of Dr. Warren N. Wier, who, as this record reflects, is a reputable physician of the city of Houston, and that of the attorney who drew the will, negatives and precludes any reasonable conclusion that the will of Maud Houston was brought about by any undue influence exercised by the appellee on any one else, and both of these witnesses were disinterested parties, and stand wholly unimpeached by any character of evidence. That of Dr. Wier shows clearly and positively that when he advised Maud Houston of the seriousness of her condition and asked her if she did not want her relatives notified of her condition she promptly and emphatically, as shown by this record, told Dr. Wier that she had no relatives that she cared anything about, and that the only person that she wanted to be notified was the appellee Harry E. Holmes, and, according to Dr. Wier's testimony, Maud Houston thereupon dictated the telegram to Holmes, which was in substance that she was seriously sick in the infirmary in Houston, and that he was needed. All of this will appear more at length in the former opinion to which we have already referred. Dr. Wier was also a witness to the will executed by Maud Houston only a few days after this telegram was sent to Holmes, and he testified in substance that he heard the will read over to Maud Houston, and that she promptly expressed her approval and satisfaction with the will, and stated, in substance, that it was just what she wanted. The testimony of the attorney who drew the will, Mr. Dupree, was in substance that the will was dictated by Maud Houston, and that he prepared it ex-

actly as dictated with the exception of legal phraseology, and that not a word in the will was suggested by anybody while she was dictating it. Upon the evidence of these two witnesses alone the court was authorized to instruct a verdict in this case, and ought to have done so, and we ought to have reversed and rendered the case on the former appeal, but out of precaution, and knowing that it might be possible that the plaintiffs might obtain further evidence in support of their contention, we reversed the judgment and remanded the cause.

It is manifest to us from this record that no error was committed by the trial court in ruling upon evidence tendered by appellants, though there are two assignments of error in that connection, and such assignments are overruled, and the judgment of the trial court is in all things affirmed.

---

⊙⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes