## STILL v. STEVENS. (No. 3115.)*

Court of Civil Appeals of Texas. Amarillo. Nov. 14, 1928.

Rehearing Denied Dec. 5, 1928.

S. J. Dotson, of Vernon, for appellant.

De Montel & Sanford, of Wichita Falls, for appellee.

JACKSON, J. This is an appeal from a judgment obtained by the appellee, Fred L. Stevens, in the county court of Wichita county, Tex., against appellant, C. L. Still, on three trade acceptances of $64 each, dated April 13, 1925, drawn by J. L. Plum & Co. and accepted by appellant on the 13th day of April, 1925, and transferred to the appellee, F. L. Stevens, on April 29, 1925. The defendant pleaded general demurrer, general denial, failure of consideration, and false and fraudulent representations on the part of the agent of J. L. Plum & Co. in the sale of the merchandise for which the trade acceptances were given.

A trial was had in the county court, and at the conclusion of the evidence the court directed a verdict in favor of appellee and, in conformity to the verdict so directed, rendered judgment for appellee for the sum of $218.64, with 6 per cent interest thereon from the date thereof; from which judgment this appeal is prosecuted.

The appellant assails as error the action of the court in directing a verdict against him, because the only evidence showing that appellee was a holder, for value, of the trade acceptances, was appellee's testimony, and, as he was an interested witness, the court was not authorized to direct a verdict against appellant on appellee's testimony only.

The three trade acceptances were each for the sum of $64, drawn by J. L. Plum & Co., dated and accepted by the appellant on April 13, 1925, and were payable two, four, and six months after date respectively. On April 29, 1925, these acceptances were properly indorsed by J. L. Plum & Co. to the appellee. The testimony shows that the merchandise, for which the trade acceptances were given, was shipped to appellant at Electra, Tex., from Iowa City, Iowa; that it reached Electra about the latter part of April in good condition, was received by appellant, placed in his show windows and exhibited for sale, and tends to show that the merchandise was kept on display and offered for sale after the 29th of April, 1925, the date the acceptances were indorsed to the appellee; that it was after this date before appellant himself discovered that the merchandise had no value. These acceptances are negotiable instruments, and were each complete and regular upon its face and shown to have been transferred before the maturity date of either of them.

The appellant offered no testimony that remotely tends to show that the appellee failed to pay value for the trade acceptances or had any notice of any infirmity in the paper at the time it was purchased by him. Under the Negotiable Instrument Law (Rev. St. 1925, art. 5935, §§ 57, 59), every holder of such instrument is deemed prima facie to be a holder in due course and that he holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves; but, if the title of any person who has negotiated the instrument is shown to be defective, the burden is on the holder to prove that either he, or some person under whom he claims, acquired title as a holder in due course. The appellee testified by deposition that he paid value at the time he acquired the trade acceptances, and that he had no notice of any defect or infirmity of such trade acceptances, and was without notice of any fact or circumstance that would put him on inquiry as to the validity of the transaction in which the trade acceptances were drawn and accepted.

In view of the presumption of law in favor of the regularity and validity of negotiable paper and the complete failure of the testimony to suggest that appellee purchased with notice of any defect or infirmity in the paper and his unequivocal evidence as to his being a good-faith holder, for value, the court, in our opinion, was authorized to direct a verdict in behalf of appellee.

"It is not proper to submit uncontradicted testimony to a jury for the sole purpose of giving the jury an opportunity to nul-

*Writ of error dismissed.

lify it by discrediting the witness, when nothing more than mere interest in the case exists upon which to discredit such witness. The testimony must inherently contain some element of confusion or contrariety, or must be attended by some circumstance which would render a total disregard of it by a jury reasonable rather than capricious, before a peremptory instruction upon the evidence can be said to constitute an invasion of the right of trial by jury. That it is proper for a trial court to instruct a verdict upon the uncontradicted testimony of interested parties, when it is positive and unequivocal and there is no circumstance disclosed tending to discredit or impeach such testimony, can be said to be a settled rule in Texas." M. H. Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966. See, also, Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 277.

In our opinion, appellee's testimony is supported by the presumption of law obtaining relative to negotiable instruments, by the completeness and regularity of these instruments on their face, and the acquisition of the paper, which is uncontroverted, before it was overdue, and the further fact that appellee acquired this paper before appellant discovered the facts on which to base his plea of failure of consideration.

The judgment is affirmed.