surety, the appellant, to provide as best he could for its defense. The favor intended to Jackson was intended to give him an opportunity to provide counsel in case they should be needed in the further defense of the suit. It was not fulfilled by a notice given to Jackson in so short a time before the judgment was taken that he could not after receiving the notice reach the court house in time to prevent its being entered up.

It may be true that the attorney taking the judgment did not know of the promise made by his associate and partner, and hence the apparent breach of the agreement. But the appellant had every reason to suppose that the agreement would be made known to the other attorney, or if not, that the one giving the assurance would see that it was fully complied with. He certainly cannot be made to suffer for the default of the party upon whose promise he relied, by reason of which he was led into a seeming neglect of his cause. The facts set out in the motion are verified by affidavit and are not contradicted in the same manner by appellee. Hence they must be treated as true, and so considering them, we think, they showed sufficient cause for setting aside the judgment by default, and that the court erred in permitting it to stand. The judgment is reversed and the cause remanded.

---

## A. & N. W. R. R. CO. v. N. H. MAYS.

IN THE SUPREME COURT, AUSTIN TERM, 1884.

*Lien—Sub-Contractor.*—A person occupying the position of sub-contractor, is not entitled to the lien given by the act of February 18, 1879.

*Wages—Definition of.*—The usual meaning of the word "wages" is compensation given to a hired person for his services.

Appeal from Travis county.

Robertson & Williams, for appellant.
John Dowell, for appellee.

Watts, J.: The court erred in overruling appellant's exceptions to the allegations in the petition, wherein it was sought to assert a lien upon the railroad and equipments. The act regulating and

giving liens to laborers on railroads, approved February 18, 1879, provides "That all mechanics, laborers and operatives, who may have performed labor in the construction or repair of any railroad, locomotive, car or other equipment to a railroad; or who may have performed labor in the operation of a railroad, and to whom wages are due and owing, shall hereafter have a lien prior to all others upon such railroad and equipments for such wages as are unpaid." "In all suits for wages due by a railroad company for such labor as heretofore mentioned, upon proof being made that such labor had been performed, either at the instance of said company, a contractor or sub-contractor or agent of said company, and that such wages are due, and the lien given by this act is sought to be enforced, it shall be the duty of the court, having jurisdiction to try the same, to render judgment for the amount of wages found to be due, and to adjudge and order said railroad and equipments, or so much thereof as may be necessary, to be sold to satisfy said judgment," etc. (R. S. App. p. 4).

The case made by the petition so far as the lien asserted against appellant; was that appellee as a sub-contractor furnished cross-ties upon a contract between him and the contractors, Sanford & Son, at a certain agreed price per tie—claiming that the balance due on that contract does not amount to the value of his own labor expended in furnishing the ties, and that as he had labored personally in cutting and shaping the ties, and in placing them upon the right-of-way, that therefore he was entitled to the benefit of the statutory lien.

It will be observed that the lien is given only when wages are due, for labor done at the instance of the company, contractor or sub-contractor. The usual signification of the word "wages" is compensation given to hired persons for labor performed. Can it be correctly said that appellee performed the labor for which he sues to recover, and to secure which he asserts the lien, as a hired person ? It is thought not. In the performance of the labor he was neither subject to the direction of the company, nor the contractors, Sanford & Son. He was an independent sub-contractor, having full discretion and direction in respect to the matter. The amount as claimed to be due and owing to him was as contractor, and not as laborer. It is a claim for supplying material under a contract and not wages for services as a hired hand, and the fact that he may have expended his personal labor in complying with his contract, will not

change his position from that of contractor to that of laborer. For a full and clear discussion and construction of the act under consideration, see R. R. Co. v. Allen et al., W. & W. Con. Rep. 568.

In our opinion the case as presented by the petition, did not entitle appellee to the benefit of the statutory lien, and that the court erred in overruling appellant's exceptions to that portion of the petition. The judgment ought to be reversed and remanded.

---

### MARX & KEMPNER v. CALDWELL ET. AL.

#### IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Practice—Statement of Facts,*—Where it appears that the statement of facts was filed after the adjournment of the court, and no order is found in the record allowing it to be so filed, it will not be considered by this court.

*Charge.*—In the absence of a statement of facts, the charge of the court will not be revised, unless clearly wrong under any state of the case.

Appeal from Young county.

Finley & Holman, for appellants.
Arnold & Glasgow, for appellees.

Willie, C. J.: The term of the court at which this cause was tried adjourned on the 8th day of November, 1883. The statement of facts was made out, signed and filed on the 10th day of the same month.

There was no order of court made, so far as the transcript shows, allowing the statement of facts to be filed after the adjournment of court for the term. Under frequent decisions of this court firmly settling the practice on that subject in accordance with the provisions of the Revised Statutes, the statement of facts can not be taken into consideration. All the assignments of error refer to the charge of the court, and these can not be revised without a statement of facts, unless they were so clearly against law as to be erroneous under any state of case that could possibly arise under the pleadings of the parties. So far from this being the case in the present instance, the charge seems a pretty fair exposition of the law upon the questions of which it treats, and in the state of the record, as we are authorized to consider it, shows no error for which