FULLER v. CAMERON. (No. 8094.)

(Court of Civil Appeals of Texas. Dallas. Jan. 18, 1919. Rehearing Denied March 8, 1919.)

1. SALES ⊕⇒130(4)—DAMAGES ON RESCISSION.

Where buyer's right to rescind for misrepresentations is established, the court should not only declare the contract void ab initio, but also to award the buyer judgment for all money paid on the contract, a cancellation of all unpaid liability, and all special or consequential damages or expense incurred by reason of the misrepresentation.

2. TRIAL ⊕⇒368 — SUBMISSION ON AGREED STATEMENT OF FACTS—CONFLICTING FACTS.

Where a case is submitted to court upon an agreed statement and facts prepared under Vernon's Sayles' Ann. Civ. St. 1914, art. 1949, and facts stated are in conflict, the court is authorized to resolve the contract according to the dictates of his judicial conscience.

3. SALES ⊕⇒38(1)—MISREPRESENTATIONS—RESCISSION OF SALE—LIABILITY OF BUYER.

One buying automobile upon misrepresentation that it would give satisfaction in the jitney service, who was able to use car only 13 out of 21 days following purchase, was entitled to a rescission.

4. APPEAL AND ERROR ⊕⇒931(3) — PRESUMPTIONS—FINDING—ISSUES NOT PASSED UPON.

The rule that every issue, whether submitted or not, necessary to support judgment, should be deemed to have been found by the court in such manner as to support a judgment is inapplicable to an issue in support of which there is no evidence.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Tom Fuller against R. L. Cameron. From the judgment rendered, plaintiff appeals. Reversed and rendered for plaintiff.

Emmett Thurmon, of Dallas, for appellant.

Houston Wood, of Dallas, for appellee.

RASBURY, J. Appellant sued appellee for rescission of a contract for the purchase of an automobile, the cancellation of a note given in part payment thereof, the recovery of $150, the cash payment thereon, and $65 consequential damages. The relief sought was grounded upon alleged misrepresentations by appellee inducing the purchase.

Appellee, in answer to the suit, denied generally the charge of misrepresentation, and specially pleaded and sought an affirmance of the contract with judgment for the unpaid balance on the debt, foreclosure of lien given to secure payment of the same, as well as for judgment for $102.75 representing the cost of certain repairs to the machine made by appellee after the purchase at the alleged special request of appellant, etc. The case was submitted to the court upon an agreed statement of facts prepared under the provisions of article 1949, Vernon's Sayles' Civil Stats. The substance of the facts agreed upon are these: Appellant purchased an automobile from appellee for the agreed sum of $750, paying cash thereon $150, and executing his promissory note for $600 for the balance. The car was bought for use in the "jitney" service, and appellee represented that it was in condition to give satisfaction in that respect, upon which representation appellant relied, and by reason of which he was induced to purchase the automobile. The representation that the car was in condition to give satisfaction in the "jitney" service was not true when made, and was known to be untrue by appellee, or he should reasonably have known it. Appellant discovered the unfitness of the car about a week after he purchased same. Appellant retained the car 21 days before returning it, but returned same in a reasonable time. Appellant used the car in the jitney service for 13 days, and was unable to use it for 8 days. The 8 days lost were reasonably of the value of $40. Appellant necessarily expended $15 for a clutch for said car, and lost time in that connection of the reasonable value of $10. At the time appellant returned the car to appellee its reasonable market value was $400. Appellee, after expending $102.75 in repairs of the car, sold it for $600, retaining the $150 cash payment on the car and appellant's note for $600.

Upon submission of the case to the court on the facts recited judgment was entered canceling appellant's note for $600, and rendering judgment for appellee for $37.75, from which this appeal was perfected.

Upon the various assignments of error presented by appellant we have reached the conclusion that the case should, in the light

of the agreed and undisputed facts, be reversed and judgment rendered for appellee as hereinafter specified.

[1-3] Appellant sued to rescind the contract of purchase on the ground of misrepresentation, inducing the purchase. On that issue appellee denied the misrepresentation, and affirmed the contract, and sought the relief authorized thereby. It then became solely a question of fact upon the issue so raised. If the facts authorized a rescission it was the duty of the court to hold the contract of purchase void ab initio and the rights of the parties to be the same as if no contract had ever been made. Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658; Hunt County Oil Co. v. Scott, 28 Tex. Civ. App. 213, 67 S. W. 451. When the right to rescind was established, it was the further duty of the court to award appellant judgment for all money paid on the contract, a cancellation of all unpaid liability, and all special or consequential damages or expense incurred in respect to the contract as the result of the misrepresentation. Holland v. Western Bank & Trust Co., 56 Tex. Civ. App. 324, 118 S. W. 218, 119 S. W. 694. If the facts were in conflict, the court was authorized, of course, to resolve the conflict according to the dictates of his judicial conscience. Here, however, the facts are not in conflict. They have been stated as agreed to, and disclose every fact necessary to the relief sought by appellant, and none authorizing any other judgment. But the court did not, by its judgment, grant the relief sought by appellant and authorized by the facts. The judgment itself merely cancels the $600 note of appellant, and awards appellee judgment for $37.75; and while the record does not disclose on what basis the court proceeded in entering the judgment it did enter, the judgment is nothing less than an affirmance of the contract.

[4] Obviously, the court, in reaching judgment, charged appellant with $750, the sale price of the automobile, and $102.75, the cost of repairs made after the return of the car, or a total of $852.75. Against the foregoing charges the court allowed as credits the cash payment of $150, the amount secured on resale of $600 and appellant's damages of $65, or a total credit of $815. The difference between the debit and credit items is $37.75, in favor of appellee, and is the amount of the court's judgment. The agreed statement contains no facts which will support such judgment. Counsel argues, however, that every issue, whether submitted or not, necessary to support the judgment, should be deemed to have been found by the court in such manner as to support the judgment. The rule, of course, proceeds on the assumption that the record contains evidence which will support the issues not found, and the difficulty in the present case is that there is no such evidence, and the rule is as a consequence of no controlling force.

The judgment will be reversed and the judgment here rendered for appellant, canceling the note for $600 given in part payment of the automobile, and for $215, the cash paid on the car, and the consequential damages proven, together with all costs in this court and the court below.