## TANKERSLEY v. MARTIN-REO SALES CO. (No. 6419.)

(Court of Civil Appeals of Texas. Austin. March 11, 1922. Rehearing Denied June 7, 1922. Dissenting Opinion June 20, 1922.)

1. **Process ⬥152—Clerical error in first letter of the defendant's name does not invalidate citation.**

The fact that the citation directed the sheriff to deliver to the defendant Mrs. R. F. Rankersley a copy thereof, whereas defendant's name as shown by the petition was Mrs. R. F. Tankersley, does not invalidate the citation so as to defeat a default judgment, since it is manifest it was merely a clerical error.

2. **Process ⬥153—Omission of prefix Mrs. in sheriff's return held not to invalidate service.**

The prefix "Mrs." does not constitute any part of the name, but is only a title used for the purpose of identification, and where the sheriff stated the citation was served upon the within named defendant, who was designated in the citation as Mrs. R. F. R., the fact that he thereafter mentioned her as R. F. T., does not indicate that the citation was served upon a person other than the defendant.

3. **Account, action on ⬥10—Items held not provable by verified account.**

In an action by automobile sales company items of the account sued on designated simply as certain trips, or as labor, repairs, or testing,

are not such items as could be proved by ex parte affidavit of plaintiff under Vernon's Sayles' Ann. Civ. St. 1914, art. 3712.

**4. Appeal and error ⟨Key⟩301—Defendant, appealing from default judgment, can assign error to admission of evidence not mentioned in motion for new trial.**

A defendant, appealing from a judgment rendered against her by default, can assign error in the admission of the incompetent evidence, even though the admission of such admission was not made a ground of her motion for new trial, and such evidence can be considered on appeal, even though its admission was not a fundamental error.

**5. Trial ⟨Key⟩396(5)—Incompetent evidence, admitted without objection, does not sustain finding.**

Evidence which was incompetent on the issues does not sustain a finding of the court, even though it was admitted without objection.

**6. Appeal and error ⟨Key⟩708—Record held to show verified account in support of default judgment was presented in court.**

A record, showing that a default judgment was ordered in open court and thereafter on the same day plaintiff's counsel presented to the judge while he was in his office the verified account on which the action was based, and a draft of the judgment, which were approved by the judge, who ordered the clerk to enter the judgment and assess the amount, does not show that the court was not in session when the judge examined the papers and directed the judgment, and therefore does not show that judgment was rendered without any evidence having been introduced in court.

**7. Appeal and error ⟨Key⟩708—Record held not to show clerk failed to assess damages as directed.**

Where the judge had approved the verified account offered by plaintiff and the draft of the judgment, and had directed the clerk to assess the damages and enter judgment, the appellate court must assume that the judgment as entered upon the minutes by the clerk was read by, or in the hearing of, the judge before he approved the minutes, and that the clerk did assess the damages as directed by the judge.

Jenkins, J., dissenting in part.

Appeal from Tom Green County Court; Chas. T. Paul, Judge.

Action by the Martin-Reo Sales Company against Mrs. R. F. Tankersley and another. Judgment for the plaintiff against both defendants, and the named defendant appeals. Reversed, with instructions.

Anderson & Upton, of San Angelo, for appellant.

Thomas & McCarty, of San Angelo, for appellee.

KEY, C. J. Martin-Reo Sales Company, a private corporation, brought this suit in the county court of Tom Green county against Mrs. R. F. Tankersley and E. A.

Thompson. The plaintiff recovered a judgment by default, jointly and severally against both of the defendants, and Mrs. Tankersley alone has appealed.

By the first assignment of error, appellant contends that the record shows that the court had no jurisdiction because she was not properly served with citation. The point made under that assignment is that the plaintiff's petition described appellant as Mrs. R. F. Tankersley, whereas the citation directed the sheriff to "deliver to said defendant, Mrs. R. F. Rankersley, in person, a true copy of this citation, together with the accompanying certified copy of the plaintiff's petition"; and the sheriff's return states that he executed the citation "by delivering to the within named defendant, in person, a true copy of this citation, together with the accompanying certified copy of the plaintiff's petition, at the following time and place: R. F. Tankersley; December 23, 1920. 3:30 p. m.; Central Hotel, San Angelo."

[1, 2] We think it is apparent that the name "Rankersley," where it appears in the citation, is a clerical error, which is made manifest by reading the entire document. We also hold that the words "Mr." and "Mrs.," when prefixed to a person's name, do not constitute any part of the name, but are used only as a title, and for the purpose of identification. The return of the sheriff states that the citation was served upon "the within named defendant," which, of course, has reference to the defendant named in the citation, and she was therein designated as Mrs. R. F. Tankersley; and the fact that the sheriff thereafter mentioned her as R. F. Tankersley does not indicate that the citation was served upon any person other than the Tankersley who was the defendant in the suit. 29 Cyc. 267; 19 R. C. L. 1332, § 8.

The second assignment complains of the action of the trial court in refusing to set aside the judgment by default, upon appellant's sworn application, stating that she did not owe any part of the account sued on, and had a good defense to the plaintiff's cause of action, and undertaking to excuse herself for not having filed answer sooner. We hold that the facts stated in the application failed to show proper diligence, and indicate that, if appellant had been as diligent before as she became immediately after the judgment was rendered against her, she could have filed an answer and avoided a judgment by default.

Under the third assignment, appellant submits the proposition that when a defendant files a motion to set aside a judgment by default the next day after it was rendered, and presents a sufficient excuse for not filing an answer, and shows a meritorious defense, it is the duty of the court to set aside such

·judgment. It may be conceded that this proposition of law is correct, but as we hold that appellant failed to present a sufficient excuse for not filing an answer, it is unnecessary to consider this assignment any further.

[3] Under the fourth assignment of error, appellant contends that certain items in plaintiff's sworn account, which was the only evidence submitted to the court, were not such items as could be proved by an ex parte affidavit of the plaintiff; and we sustain that contention. The items complained of are:

"One item, two trips, $6; July 6, trip to Tankersley, $5, labor $1.50; September 21, 2 trips $9, 13 hours' labor $9.75; September 28, trip $5; October 5, 26 hours' labor, $19.50, and labor by Joiner $19.50; October 3, trip $6.50; December 4, 8 hours' labor $8; December 12, repair of jack, $1, 22 hours' labor $22; March 1, testing, $1.25, labor $2."

See article 3712, Sayles' Civil Statutes; Wall & Carr v. J. M. Radford Grocery Co. (Tex. Civ. App.) 176 S. W. 785, and authorities there cited.

[4] Counsel for appellee do not contend that the items referred to come within the purview of the statute which authorizes a verified account to be introduced in evidence, but make the contention that as that objection was not made in the court below when the case was tried, nor in the motion for a new trial, appellant has no right to assign it as error in this court; nor should this court consider it as fundamental error. A plausible argument has been submitted in support of the contentions referred to, but we think decisions of our Supreme Court settle the law otherwise in this state.

In Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593, the Supreme Court held that, though a case was tried before a court without a jury, and a motion for new trial filed, the appellant had the right, in addition thereto, to file and have considered assignments of error.

In the case at bar, appellant filed a motion for a new trial, which did not present the question now under consideration, but that question is presented by her fourth assignment of error herein. Under the decision made by our Supreme Court in Hess & Skinner Engineering Co. v. Turney, supra, we hold that the question is properly presented by assignment of error; and therefore it is unnecessary to determine whether it comes within the scope of fundamental error.

[5] In Henry v. Phillips, 105 Tex. 459, 151 S. W. 533, in considering the question of the effect of the introduction without objection of testimony, which was hearsay and self-serving, the Supreme Court said:

"While the admission of this testimony was not objected to by counsel for defendants, that fact would be important only in the event its admission was afterwards complained of as violative of a right reserved to defendants. Such incompetent testimony can never form the basis of a finding of facts in an appellate court, notwithstanding its presence in the record without objection. When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case."

While in other jurisdictions and among some text-writers, and Courts of Civil Appeals of this state, there may be conflict upon that question, we think the case just cited and quoted from settles the law in this state, to the effect that when incompetent testimony is heard, whether it be objected to or not, it cannot properly form the basis of judgment; and therefore, as to the items above set out, we hold that the judgment complained of is not supported by any testimony. The record shows that the only testimony offered and considered by the court was the verified account, which was attached to the plaintiff's petition, and, while we hold that it was sufficient to entitle the plaintiff to judgment as to the other items which come within the purview of the statute, we also hold that the judgment for the items heretofore set out is not supported by any evidence.

[6] We overrule appellant's contention that the record shows that no evidence whatever was heard by the court, and therefore the entire judgment should be reversed. There is no statement of facts, but the judgment recites the fact that the plaintiff's cause of action was proved by verified, itemized account introduced in evidence, and ordered that the clerk assess the damages, and that the latter did so, and judgment was rendered for the amount so assessed by him. Appellant filed and relies upon a bill of exception, which as qualified by the trial judge shows that when the case was called the plaintiff's attorneys asked for a judgment by default, which was granted, and the trial judge made a notation upon his docket, "Judgment by Default," and at that time the clerk of the court and the papers in the case were not in the courtroom; on the same day, and within an hour or two after judgment by default was granted, one of the attorneys for plaintiff presented to the trial judge, in his office, in the courthouse, the papers in the cause, including the plaintiff's petition with the verified account sued upon attached thereto, together with a draft of a judgment which had been prepared by the attorney; that the trial judge examined said papers, concluded that they were sufficient to support the judgment as

drafted, and requested the attorney to file the judgment with the clerk of the court; and the judgment so prepared was the judgment entered in the cause.

[7] We do not think the bill of exception supports appellant's contention that the court was not in session when the judge examined the papers referred to and concluded that they were sufficient to entitle the plaintiff to the judgment which was rendered; nor does it, or any part of the record, show that the clerk did not in fact assess the damages as ordered by the court. We must assume that the judgment as entered upon the minutes by the clerk was read by, or in the hearing of, the judge before he approved the minutes of the court. Considering all the facts, we are of the opinion that the record does not show that the court was not in session at the time the verified account was tendered to and considered by the judge; nor does it show that the clerk did not, in the manner and time required by law, assess the damages awarded to the plaintiff as recited in the judgment.

If it were not for the statute which prescribes that only one final judgment shall be rendered by a trial court, we would affirm this judgment in part, and reverse and remand it in part. But, in view of that statute, we have concluded that the judgment appealed from should be reversed with instructions to the trial court to allow the plaintiff, if it so desires, to submit proof concerning the items as to which we have held there was no proof, and then render judgment for the plaintiff for the items proved by the verified account, and either for or against the plaintiff as to the other items as the testimony may warrant; and it is so ordered.

Reversed and remanded, with instructions.

On Motion for Rehearing.

PER CURIAM. Rehearing denied.

JENKINS, J. (dissenting). I am of the opinion that a rehearing should be granted in this case, and that the judgment in this cause affirming the judgment of the trial court in part should be set aside, and that this cause should be reversed and remanded, for the reason that it appears from the record, that the judgment of the court below was rendered without any evidence to support the same in this:

1. No evidence was offered by the appellee, plaintiff in the court below, except the verified account referred to in the opinion herein.

2. This verified account was not offered in court, and was not in court when the judgment by default was taken.

3. It was afterwards exhibited to the judge in his office.

A judge in his office, though in the same building where the court was held, is no more the court than he would be on the street or elsewhere.

A judgment rendered without any evidence to support it is void.