### PRAIRIE PIPE LINE CO. v. OWENS.
### (No. 1362.)

(Court of Civil Appeals of Texas. El Paso. June 8, 1922.)

**1. Appeal and error ⇐931(4)—Evidence held not to support presumed finding account was correct.**

Where the items enumerated in the account sued on did not amount to an open account, within Rev. Civ. St. art. 3712, so that the account was not evidence of the correctness of the items, and there was no testimony that the charges for the items were reasonable or proper, the trial court cannot be presumed, in support of its judgment for plaintiff, to have found that the charges were proper.

**2. Account, action on ⇐7—Check paid plaintiff by another from funds deposited by defendant held admissible.**

In an action on an open account, where a witness for defendant had testified that defendant had placed money to the credit of witness, to be used by him in paying claims of parties working for defendant, a check issued by the witness to the plaintiff and indorsed by plaintiff was competent to show payment of the items covered by the amount of the check.

---

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Suit by John W. Owens against the Prairie Pipe Line Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Scott, Brelsford, Funderburk & Ferrell, of Eastland, for appellant.

Marks & Flaherty, of Ranger, for appellee.

HARPER, C. J. This suit was brought by appellee against the appellant for $648.60. In the original petition it is alleged that the amount is due for work and labor rendered as a teamster under and by virtue of a contract entered into with the agent of appellant, and rendered on different dates from October 8, 1920, to October 30, 1920. The account is attached to the petition, and verified under the form prescribed by statute for current accounts.

Appellant answered this petition by general denial and specially denied the verified account under oath; next pleaded a special contract and its performance under plea of accord and satisfaction. Appellee in reply admitted the contract pleaded, i. e., that he contracted to haul an engine at an agreed price of $12 per team used in its transportation, but that appellant agreed to pay all necessary expenses incurred in connection therewith, which are set out in his petition, and that they are not embraced in the contract.

By trial answer appellant alleged that all differences between the parties were adjusted and settled November 15, 1920, by payment of $1,287, the sum agreed upon. The cause was tried to a jury, submitted by one special issue, viz.:

"Were the payments as alleged in defendant's plea of accord and satisfaction, and evidenced by the checks introduced given by the defendant and accepted by the plaintiff in full satisfaction of the amount due him under the verbal contract between the plaintiff and the defendant with reference to the hauling of the material in issue."

The jury answered, "No." Upon this answer the court rendered judgment for plaintiff for $648.60, less $50 credit, from which an appeal is perfected.

The assignments are, in effect, that (1) the court erred in rendering judgment for the plaintiff upon this finding, because the issue submitted was not conclusive of the right of plaintiff to recover, but, to the contrary, the issue as to "the terms of the contract," its performance, and "its payment" were all necessary, and further that there was no evidence that the amounts of each of the items in the account was a reasonable charge for the services for which same was claimed, and no contract was shown which would charge this defendant with the payment of the amount claimed regardless of whether it was a reasonable charge, and the proposition is that there is no evidence in this record to support the judgment upon these issues.

[1] The items enumerated in this pleading were not "open account," within the meaning of article 3712, R. C. Stat.; therefore, not evidence of the correctness of the items. Railway Co. v. Daniels, 62 Tex. 70; Myers v. Grantham (Tex. Civ. App.) 187 S. W. 532. One of the items is for $107.60 alleged to have been paid by appellee to a blacksmith of his own funds, for the appellant, at the special instance and request of the agent of the company.

There is no testimony in the record that the items making up this lump sum were reasonable and proper charges for the work done. Nor is there any evidence that other items are reasonable or proper. So the statutory rule invoked by appellee, that every issue not submitted necessary to support the judgment is deemed to have been found in favor of the judgment, where there is evidence to support it, is inapplicable to this judgment. Fuller v. Cameron (Tex. Civ. App.) 209 S. W. 711.

[2] The defendant offered in evidence the following canceled check:

"Breckenridge, Texas, Nov. 4, 1920. No. 2. The First National Bank of Breckenridge, Texas: Pay to the order of John W. Owens, $924.00, nine hundred twenty-four and 00/100 dollars, for hauling October 1 to 15, inc. C. I. June."

Said check was indorsed on the back thereof as follows: "John W. Owens." This was objected to upon the ground that it was the check of C. I. June and not of the defendant. The testimony of June was then offered to the effect that the money was placed to his credit by defendant company, and checked out by him in payment of the claims of parties working for the company. The court excluded the check. We think this was error. It was proper evidence of payment of at least two of the items of plaintiff's demand, viz. one dated October 8, 1920, $96, and October 11, 1920, $108.

Reversed and remanded.