### NICHOLS v. MURRAY. (No. 1922.)

(Court of Civil Appeals of Texas. El Paso. April 22, 1926.)

Judgment ☞101(2)—Account attached to petition in action for goods sold, not disclosing articles alleged to have been sold, does not support default judgment.

Verified account attached to petition in action for goods sold, not disclosing any item of articles alleged to have been sold, is insufficient as a verified account, which proves itself and will not of itself support default judgment.

Appeal from Dallas County Court, at Law; Paine L. Bush, Judge.

Action by Wayne Murray against H. H. Nichols. Judgment for plaintiff by default, and defendant appeals. Reversed and remanded.

W. M. Cramer, of Dallas, for appellant.
F. J. Dudley, of Dallas, for appellee.

HIGGINS, J. Murray sued Nichols to recover $295.05 alleged to be due for goods, wares, and merchandise sold and delivered as per verified open account attached to and made a part of the petition. The plaintiff recovered judgment by default.

There is no statement of facts, but the judgment upon its face affirmatively shows that it was based solely upon and supported in evidence only by the account attached to the petition. The account does not disclose any item of the articles alleged to have been sold. The first item is typical of the rest. It reads: "June 21, 1923, 241 50.52." This account is insufficient as a verified open account, which proves itself under the statute and will not of itself support the default judgment under the following decisions: Wall & Carr v. J. M. Radford Groc. Co. (Tex. Civ. App.) 176 S. W. 785; Tankersley v. Martin-Reo Sales Co. (Tex. Civ. App.) 242 S. W. 328; Watson Co. y. Bleeker (Tex. Civ. App.) 269 S. W. 147; A. Harris & Co. v. Grinnell Willis & Co. (Tex. Civ. App.) 187 S. W. 753; Brin v. Wachusetts Shirt Co. (Tex. Civ. App.) 43 S. W. 295.

Reversed and remanded.