**ADELMAN v. HAMILTON–BROWN SHOE CO.** (No. 547.)

Court of Civil Appeals of Texas. Waco.
June 23, 1927.

Rehearing Denied Sept. 15, 1927.

**Account, action on** ⟐⟐11—**In action on alleged verified account, admission as verified account of account not disclosing any item of merchandise held error.**

In action on alleged verified account, admission as verified account of account not disclosing any item or article of merchandise sold, but consisting only of dates and figures, *held* error.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by the Hamilton-Brown Shoe Company against George Adelman. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. L. Eason, of Waco, for appellant.
Nathan Patten and J. W. Cocke, both of Waco, for appellee.

BARCUS, J. Appellee filed this suit against appellant on an alleged verified account. The only evidence offered on the trial was the purported verified account, to which appellant objected because it did not disclose any item or article of merchandise sold, but consisted only of some dates and figures, and because same was not in compliance with article 3736 of the Revised Statutes (1925). Appellant assigns error to the action of the trial court in admitting said account as a verified account. We sustain this assignment. The first item on the account was, "March 3, to merchandise per bill rendered, $123.30." Then follow other dates through March and April, but it is not shown what the items were, and none of the bill is pretended to be

itemized. An account very similar to this was passed on directly and held insufficient in Wall & Carr v. J. M. Radford Grocery Co. (Tex. Civ. App.) 176 S. W. 785, and this rule has been followed by an unbroken line of decisions. Nichols v. Murray (Tex. Civ. App.) 284 S. W. 301, and authorities there cited.

The judgment of the trial court is reversed and the cause remanded.