## CENTRAL POWER & LIGHT CO. v. WIL-LACY COUNTY.   (No. 8155.)

Court of Civil Appeals of Texas.   San Antonio.
Feb. 20, 1929.

Wilson & Lentz, of San Antonio, and James Q. Louthan, of San Benito, for plaintiff in error.

R. F. Robinson, of Raymondville, for defendant in error.

SMITH, J.   The Raymondville-Harlingen public highway extends south from Raymondville to the Willacy county boundary line. The Central Power & Light Company maintains and operates an electric power line over its right of way adjacent and parallel to the highway.   The latter is at present 60 feet wide, and the county authorities desire to extend its width to 80 feet.   This extension, if made as planned, will occupy the whole of the right of way of the power line from Raymondville to the county line, necessitating the removal of the poles, wires, and other equipment of the power company and the surrender of its easement and right of way.   This right of way and the easement thereover were required through purchase by the company from the owners of the land traversed.

In pursuance of this plan the county of Willacy, through its proper authorities, instituted proceedings to condemn the land occupied by the power company's right of way. In the petition for condemnation the purpose for which the land was sought to be condemned is stated as follows:   "That said above described property is intended to be used by your Petitioner, the said Willacy County, as a public road or highway; and that it is necessary for the establishment, location, construction and maintenance of said public highway that your Petitioner take, acquire, hold and enjoy said above described real estate for the purpose of a right of way for such public highway."   It seems to be conceded that the proceeding was regularly instituted as to form; that proper notice was given; that the whole proceeding was regular, but subject to be defeated or revised by the complaints to be hereinafter discussed.

The commissioners appointed by the county judge awarded damages to the power company, which appealed to the county court, where the matter was tried by jury, resulting in a judgment condemning the land occupied by the power company's right of way, and awarding damages to that company in the sum of $200.   The power company has brought the case to this court on writ of error.

Upon the trial the parties entered into an agreement: "That the Defendant Central Power and Light Company had an easement in and right of way over the lands immediately east of and paralleling the highway which runs from the South line of the limits of the City of Raymondville, Texas, to the South line of Willacy County, Texas, and has erected and maintains under authority of the ownership of such easement and right of way over such lands an electric transmission line consisting of one hundred and thirty-seven (137) poles and various numbers of wires, guys, appurtenances and fixtures, which electric transmission line was used by it at such time to supply electricity to the public generally, and that such easement and right of way over such land is sought by the Plaintiff to be condemned in this proceeding."

Plaintiff in error contends, first, that because the property involved was already burdened by the public use made of it by plaintiff in error, it could not properly be taken under the right of eminent domain for another and different public use, so as to destroy or materially impair the prior use, except by express or implied authority of the Legislature, which authority plaintiff contends is lacking in this case. It is obvious from the agreed statement quoted above that if the condemnation here sought is enforced it will completely take away the use plaintiff in error is making of the property for the purpose of its power line. That use is within itself a public use, so recognized by our statute, which grants the right of eminent domain to those desiring to establish such use in this state. Art. 1436, R. S. 1925.

■ It seems to be the settled general rule in all jurisdictions that property already appropriated to one public use cannot be taken for another public use without legislative authority expressly given or necessarily implied, when such taking will result in the practical destruction of the prior use. 10 R. C. L. 198, 169; Sabine & E. T. Ry. Co. v. Gulf & I. Ry. Co. of Texas, 92 Tex. 162, 46 S. W. 784; Ft. Worth & R. G. R. Co. v. Southwestern Telegraph & Tel. Co., 96 Tex. 160, 71 S. W. 270, 60 L. R. A. 145; Ft. Worth Imp. Dist. No. 1 v. City of Ft. Worth, 106 Tex. 148, 158 S. W. 164, 48 L. R. A. (N. S.) 994; Texas Midland R. R. v. Kaufman County Imp. Dist. No. 1 (Tex. Civ. App.) 175 S. W. 482. This rule has no application where the proposed use will not materially interfere with the operation of the existing use. Under the agreed facts in this case, however, the proposed use will completely exclude the existing use, will drive plaintiff in error from its right of way, and require it to remove all its salvageable utilities therefrom.

■■ However, a modification of the general rule is intimated by our Supreme Court in Sabine & E. T. Ry. Co. v. Gulf & I. Ry. Co. of Texas, 92 Tex. 162, 46 S. W. 784, in which it is suggested that property already appropriated to one public use may be taken for another where it is found that the proposed use is of so great importance to the public as to require that the existing use, if of less importance to the public, shall give way to it, provided the proposed enterprise or use cannot be accomplished in any other practical way. In our opinion this is a reasonable and necessary exception to the general rule against the substitution of one public use for another. It is not difficult to conceive that the establishment or widening of a great public highway may be of such paramount importance to the public as to justify the taking of property already appropriated to the use made of it by plaintiff in error, and it is probable that the evidence in the trial below was sufficient to make the issue of the relative importance of the two uses a question of fact for the court or jury, whose finding thereon would be conclusive. But there was no effort to establish the further requisite to the substitution of uses—that there was no other practical way by which the object of the condemnation proceedings could be accomplished than by taking all of plaintiff in error's right of way. The true situation, of the existing highway, here sought to be widened, is not shown, except that it parallels and adjoins plaintiff in error's right of way. So far as the record shows to the contrary, as a practical matter, the highway could be widened to the west, or equally east and west, without materially impairing plaintiff in error's easement, and if that be true the proceeding is brought within the general rule against the taking of property for one public use which is being legally devoted to an existing and inconsistent public use of another sort. The judgment must accordingly be reversed.

■ It is stated in defendant in error's brief that: "It is agreed by all, altho not shown in the pleadings or the Statement of Facts that adjacent to and alongside the highway on the West was the M. P. Railroad, and on the East of the highway was the high line of the Appellant, which high line has since been removed so as not to be included in the widened Highway." Since the agreement and the facts stated in the brief are not in the record, it is beyond the power of this court to take cognizance of them. The appeal must be determined by matters within the record, as a matter of course.

We overrule plaintiff in error's contention that the petition for condemnation did not sufficiently state the object of the proceeding.

The measure of damages in condemnation proceedings is fixed in the several sections of article 3265, it being provided in subdivision 1, apparently appropriate to this particular proceeding, that: "The commissioners shall hear evidence as to the value of the property sought to be condemned and as to the damages which will be sustained by the owner, if any, by reason of such condemnation * * * and * * * shall assess

the actual damages that will accrue to the owner by such condemnation."

█ The property sought to be taken in this case consists primarily of the easement owned and exercised by plaintiff in error over the land embraced in its right of way. Obviously, plaintiff in error is entitled to an award for the reasonable market value of that easement, which will be totally destroyed for the distance of the several miles sought to be condemned in this proceeding. Plaintiff in error is also entitled to recover the value of all of its improvements, if any, which cannot be removed from its right of way, as well as the reasonable and necessary expense of removing such of its property as may be salvaged.

The judgment is reversed, and the cause remanded.