## LINDSAY v. LAUGHLIN.
### No. 10918.

Court of Civil Appeals of Texas.
San Antonio.
March 19, 1941.

Rehearing Denied May 14, 1941.

R. D. Cox, Jr., and Strickland, Ewers & Wilkins, all of Mission, for appellant.

J. Q. Henry, of Mission, for appellee.

MURRAY, Justice.

This suit was instituted by A. A. Laughlin against R. W. Lindsay to recover upon a verified account aggregating $1,193.64. Lindsay denied the account under oath.

Upon a trial before the court without the intervention of a jury judgment was rendered in Laughlin's favor for the full amount sued for, and from this judgment Lindsay has appealed.

Appellant first contends that his general demurrer to appellee's petition should have been sustained.

Omitting formal parts, the petition reads as follows:

"I. That heretofore, to-wit: at the dates or on or about the dates set out and specified, at the special instance and request of defendants, and commencing on or about the 16th day of March, 1938, sold, delivered and furnished to defendant, at the several times specified in the account attached to plaintiff's original petition, marked Exhibit 'A' and made a part hereof, certain goods, wares, merchandise, moneys and services in said account mentioned, in consideration whereof the defendant then and there promised to pay plaintiff on demand, so much money as said goods, wares, merchandise, moneys and services were at the time of the sale, services rendered and delivery thereof, reasonably worth, and said goods, wares, merchandise, moneys and services were at that time reasonably worth the several sums of money charged therefor in said account specified, amounting to the sum of eleven hundred and ninety-three ($1,-193.64) and 64/100 dollars.

"II. That said account is past due and unpaid, and defendant, though often requested, has hitherto failed and refused and still refuses to pay same, or any part thereof, to plaintiff's damage to the amount of said account, with legal interest thereon from date when furnished or delivered,

"III. That all of the aforesaid goods, wares, merchandise, moneys and services were sold and/or rendered and delivered to Defendant at the special instance and request of defendant and for his exclusive use and benefit, and all of same were in fact accepted by defendant and actually used by defendant in connection with and in furtherance of his projects and enterprises commonly known as Lindsay Gardens and/or Lindsay Gardens' packing plant, and defendant thereby became liable to plaintiff for the reasonable value thereof as set forth in said verified account attached to plaintiff's original petition and marked Exhibit 'A' and made a part of this amended petition.

"IV. That with full knowledge and acquiescence in all of the facts set forth in said account and the sundry and various items thereof, said account and the various and sundry items of same were ratified by the defendant herein in the following manner, to-wit: (1) First, by payment of said account as rendered by plaintiff to defendant as herein set forth substantially in full up to on or about 19th day of April, 1938, when and as rendered to defendant by plaintiff; (2) Second, by defendant thereafter making partial payments to plaintiff on the aforesaid account as more fully appears from credits allowed and acknowledged in said accounts; (3) Third, by the acceptance and retention of all the items set forth in said account and the benefits derived therefrom by defendant; (4) Fourth, that by reason of the matters and things set forth in paragraph four and the benefits derived, accepted and retained by defendant, the defendant is now estopped from denying said account and the sundry items therein contained and this plaintiff here and now pleads estoppel.

"V. Plaintiff further says that said account sued on grew out of, relates and is incident to a certain agreement or contract between Jack Hale, President, acting for Freezerved Foods, Inc., and defendant herein R. W. Lindsay, and bearing date of the 18th day of March, 1938, the first paragraph of which is as follows:

" 'In accordance with our conversations, it is agreed that for the orange juice, grapefruit juice and grapefruit segments packed in your plant at Lindsay Gardens under the supervision of Mr. A. A. Laughlin, that we are to pay you your reasonable cost of packing these commodities plus ten cents (10¢) per case of six #10 cans; this cost, of course, to be dependent and vary in accordance with the current market price of raw products.'

" '(Signed) Jack Hale, President
" 'Accepted (Signed) R. W. Lindsay'

"That defendant R. W. Lindsay has, or did have in his possession a signed copy of said original agreement, and notice is here given to defendant to produce same upon the trial of this cause, and in the event same is not produced, secondary evidence of the contents of said agreement will be offered in evidence by plaintiff for the purpose of showing the basis of said account sued on and the liability of defendant for the payment of same.

"Wherefore, plaintiff prays the court that he have judgment for his debt in the sum of eleven hundred and ninety-three & 64/100 dollars, with legal interest thereon from the respective dates of delivery of said goods, wares and merchandise and services rendered to defendant, for costs of suit, and for such other relief, special and general, in law and in equity, that he may show himself to be justly entitled to, and of this shall ever pray."

■ Paragraphs I, II and III attempt to plead a cause of action upon an open account. The petition nowhere alleges that the items sued for were furnished by appellee, Laughlin, and certainly he could not recover for these items unless he furnished them. It is contended that the failure to so allege is an oversight, or mere typographical error, and should be so regarded by us.

We cannot agree with this contention. When we look to the sworn account and the evidence, we are inclined to the opinion that the omission was intentional rather than accidental. The account shows that the items alleged to have been furnished were actually furnished by various and sundry persons. The evidence further shows that Laughlin personally paid these accounts and is now actually seeking reimbursement from Lindsay, on the theory that Lindsay had contracted in writing to pay these accounts for the Freezerved Foods, Incorporated, a Texas corporation, which was engaged in the business of processing citrus fruit. The petition is insufficient to allege a cause of action in Laughlin's favor against Lindsay on a sworn account. Willacy County v. Central Power & Light Co., Tex.Civ.App., 73 S. W.2d 1060.

Paragraph IV of the petition seems to attempt to set up an estoppel, but is wholly insufficient to show that Lindsay is estopped to deny liability upon the account.

Paragraph V states that said account sued on grew out of, relates and is incident to a certain agreement or contract between Jack Hale, President, acting for Freezerved Foods, Inc., and R. W. Lindsay, and bearing date of the 18th day of March, 1938; then follows what is alleged to be the first paragraph of this contract. This paragraph, taken by itself or in connection with the entire petition, fails to allege any facts showing a cause of action on the part of Laughlin against Lindsay.

The general demurrer should have been sustained. Accordingly, the judgment will be reversed and the cause remanded.

### On Motion for Rehearing.

Appellee has filed a motion for rehearing in which he contends that we were in error in holding that his petition was subject to general demurrer for failure to allege that the goods, wares, merchandise, etc., were furnished to appellant by appellee; and further contending that placing a liberal construction on the petition, as we are required to do when it is assailed only by a general demurrer, we should infer that appellee intended to allege that such goods, wares, merchandise, etc., were furnished by appellee.

This might be true if it were not for the sworn account attached to appellee's petition affirmatively showing that the goods, wares, merchandise and services rendered were not furnished by appellee, but by various and sundry persons. Some of the items in the account read as follows:

"March 19 Lumber Agnue Lumb. Co.................. $16.45
" 19 A. Y. Seinz Hauling fruit................ 12.00
" 19 O. R. Kilgore Instalation acct............ 20.00
" 22 Lumber Agnew Lbr. Co.................. 5.95
April 1 Express ............................ 5.43
" 9 Harvesting fruit Augustine.............. 94.22"

These items selected at random from the sworn account show conclusively that they represent items furnished by some one other than appellee. The verified account is attached to the petition marked "Exhibit A" and made a part of the petition

Appellee does not allege that he is an assignee of this account or that he is entitled to recover on same for some other reason.

We adhere to our original ruling that the petition is subject to general demurrer.

We have carefully considered appellee's motion for a rehearing and the same is overruled.